JOURNAL ENTRY AND OPINION
Defendant-appellant Stephen Snider appeals from his jury trial conviction for operating his motor vehicle with a breath alcohol concentration exceeding lawful limits.
On September 5, 1997, defendant was charged with driving under the influence of alcohol, specifically, of operating his vehicle with a breath alcohol concentration of .119 grams per 210 liters of breath. One week later, on September 12, defendant appeared without counsel for arraignment. He entered a plea of not guilty and executed a written waiver of his right to speedy trial.
Defendant thereafter filed several motions pro se, including several motions for discovery and an eighteen-page motion to suppress. He later filed a motion to expedite the court's ruling on the motion to suppress, as well as a motion to dismiss for failure to give him a speedy trial. The trial court denied his motion to dismiss, because he had filed a written waiver of speedy trial.
The trial court successively appointed two different counsel to represent defendant.[1] After representing him for two days, the first attorney, citing irreconcilable differences, withdrew with permission of both the court and defendant. The trial court continued the proceedings to enable defendant to obtain substitute counsel for appointment. After defendant obtained substitute counsel, the matter proceeded to a suppression hearing in which defendant was represented by substitute counsel. The trial court denied the motion to suppress in an order journalized on March 19, 1998. The record contains no transcript of the suppression hearing.
Defendant thereafter requested the court permit him to proceed pro se with his own defense. Substitute counsel filed a motion to withdraw as counsel for defendant. The trial court granted the motion to withdraw from representation.
The matter ultimately proceeded to a jury trial, at which defendant represented himself pro se. Defendant has submitted an excerpt of the trial transcript containing testimony from Lakewood police officer Terry Miller and defendant's own testimony. Officer Miller testified that he first observed defendant driving his vehicle in a lurching manner. He thought the driver must have been having a problem with the stick shift. He followed the vehicle over the course of approximately one mile and observed the speed of the vehicle oscillate between twenty and thirty-five miles per hour. During this time, he saw defendant cross the yellow center lane approximately seven times like a slowly weaving boat. He stopped defendant's vehicle when an oncoming vehicle flashed its headlights.
Officer Miller immediately smelled alcohol. Defendant admitted drinking alcohol but would not say how much. He was unable to complete the alphabet and kept repeating the letter J. Defendant thereafter took a series of field sobriety tests. Defendant failed the heel to toe test, but stated he had a prior injury which prevented him from performing it. Defendant could not adequately perform another sobriety test, which required him to stand on one leg as he counted to thirty. Finally, six separate horizontal gaze nystagmus views of defendant's eyes led officer Miller to conclude that defendant was under the influence of alcohol. So Officer Miller arrested defendant.
Miller stated that defendant told him he had previously been arrested for driving under the influence of alcohol, but knew how to get out of it. Defendant completed a breathalyzer test and obtained a breath alcohol concentration result of .119.
The remaining excerpt of the trial contains defendant's narrative testimony. Defendant admitted he consumed five drinks of seventy proof alcohol and three tacos over the course of a four-hour period and stated he weighs two hundred and fifty-five pounds. He then disputed virtually every detail of Officer Miller's testimony.
He stated that he recognized Officer Miller from being pulled over by him twice before in the last thirty days. He called Officer Miller a liar when Miller pulled him over for driving erratically. He ultimately refused to perform the sobriety tests because of his personality conflict with Miller. He stated that Miller held him for twenty-five minutes before taking him to the police station following his arrest.
Finally, defendant testified about three different breath alcohol tests he performed. Defendant stated that on the first occasion he drank one and one-half to two and one-half drinks and blew a .057. The second time he had five drinks of eighty proof and blew .098. He complained that he drank less alcohol on this occasion, but that the test results of .119 indicated a higher breath alcohol concentration.
The jury found him guilty of operating his motor vehicle with a breath alcohol concentration in excess of the .10 legal limit. The trial court imposed a $750 fine, court costs, and thirty days in jail. The court suspended $500 of the fine and the thirty days of imprisonment and placed defendant on probation for one year with specified conditions.
Defendant pro se timely appeals, raising ten assignments of error. He filed a partial verbatim transcript of the trial proceedings and also submitted a proposed statement of evidence to the trial court. The prosecution filed written objections to defendant's proposed statement of evidence, and the trial court approved its own App.R. 9(C) statement to supplement the transcript.
Defendant's first assignment of error follows:
 THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN ITS DENIAL OF ORAL APPEAL OF THE ALS SUSPENSION AT THE FIFTH DAY HEARING.
This assignment lacks merit.
Defendant argues the trial court improperly denied his oral request to appeal his original administrative license suspension, because it was not filed in writing. There is nothing in the record to support this claim, except a statement in defendant's proposed statement of proceedings. The trial court, however, did not approve defendant's statement of proceedings and defendant did not file any subsequent statement pursuant to App.R. 9(E).
Moreover, even if the trial court made such a ruling, as defendant contends, this claim is moot. The record shows that the original administrative license suspension in the case at bar was for ninety days following the arrest. More than two and one-half years have elapsed since defendant's license was originally suspended. A written statement filed by defendant indicates that he had recovered his license before trial. Thus this court could not grant defendant any relief by addressing the possible merits of this argument.
Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error follows:
 THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN ITS ACCEPTANCE OF THE APPELLANT'S WAIVER OF SPEEDY TRIAL WITHOUT COUNCIL [SIC].
This assignment lacks merit.
Defendant argues that the trial court should not have accepted his written waiver of speedy trial. His brief does not explain this claim, but rather rehashes arguments made concerning his first assignment rejected above. The record shows that defendant originally denied executing the document, but now simply contends that the court should not have accepted it from him.
Once again, this court is precluded from sustaining this assignment of error because of the existing record. The record contains no transcript of the arraignment proceedings during which defendant executed the document. Neither his proposed App.R. 9(C) statement nor the trial court's approved statement contains any reference to this proceeding. Nothing in the record indicates that defendant's waiver was not made knowingly, voluntarily and intelligently. Under the circumstances we must presume regularity because defendant has failed to show any error.
Moreover, even if the speedy trial waiver defendant executed were invalid as he contends, defendant has not shown that his motion to dismiss for lack of speedy trial was improperly denied. The record shows that approximately three weeks after the case was commenced defendant filed a motion to suppress evidence. The motion remained pending, and tolled the running of his speedy trial period, until it was adjudicated. R.C. 2945.72(E). Thus the trial court properly denied defendant's motion to dismiss.
Accordingly, defendant's second assignment of error is overruled.
Defendant's third assignment follows:
 THE LAKEWOOD LAW DEPARTMENT ERRED IN ITS FAILURE TO INVESTIGATE THE APPELLANT'S ALLEGATIONS OF INNOCENCE AND FOUL PLAY CONCERNING THE STATEMENTS AND EVIDENCE.
This assignment lacks merit.
Defendant raises several contentions under this assignment, none of which has any direct bearing on his guilt or innocence. Specifically, he argues that the police did not respond to his allegations that officers fabricated evidence against him. He contends that the police repeatedly stopped him on numerous occasions before this incident. He also argues that, during the course of the litigation, he told the prosecutor he began to drink lower proof alcohol to obtain reduced breath alcohol readings, but that the breathalyzer did not reflect lower levels. Finally, he also complains that appointed counsel did not instruct him how to file a complaint against the officers.[2]
Our obligation is to review defendant's conviction. Claims of misconduct by the prosecution concerning the collection of evidence must be asserted by motion before trial. Crim.R. 47. Apart from the existence of probable cause to support the original traffic stop, defendant did not raise such claims in the case at bar. His arguments concerning the suppression of evidence lack merit as discussed below.
The prosecution was presented with evidence sufficient to establish probable cause and support the charges against him. Defendant was afforded an opportunity to engage in discovery to obtain and assess the evidence against him. The purpose of his jury trial was to determine the credibility and weight of the evidence and whether he was guilty of the charges. Although defendant may have other remedies for the alleged abuses, we find the allegations inadequately supported, tardily raised, or outside the scope of the appeal in the case at bar.
Accordingly, defendant's third assignment of error is overruled.
Defendant's fourth assignment of error follows:
 THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN ITS DELAY OF HIS MOTION TO SUPPRESS FOR UNREASONABLE PERIOD.
This assignment lacks merit.
Defendant argues that the trial court took too long before adjudicating his eighteen-page motion to suppress. Approximately two weeks after the motion was filed, defendant filed a motion to expedite the court's determination of the suppression issue. While the proceedings could have been more expeditious, the motion was lengthy and sought to raise many issues. At defendant's request, the court continued the matter, rather than denying the motion to suppress. The originally scheduled suppression hearing, therefore, was delayed because defendant requested additional discovery.
Defendant thereafter encountered difficulty in obtaining acceptable substitute counsel and twice sought even further discovery. Finally, defendant's substitute counsel had to become familiar with the case before the suppression hearing. Under the circumstances, we find that defendant has failed to demonstrate unreasonable delay by the trial court. Under the totality of the circumstances, defendant has not shown that the trial court unreasonably delayed the proceedings by accommodating defendant's requests.
Accordingly, defendant's fourth assignment of error is overruled.
Defendant's fifth assignment follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN DENIAL OF EFFECTIVE APPOINTED REPRESENTATION FOR PURPOSE OF SUPPRESSION HEARING.
This assignment lacks merit.
Defendant argues that he received ineffective assistance of counsel at the suppression hearing and that the trial court's finding of probable cause to support the original traffic stop was erroneous.
The record does not support either claim. Defendant has not submitted a transcript of the hearing on his suppression motion. The record contains only the trial court's journal entry denying the motion as well as one paragraph from its App.R. 9(C) statement. Defendant's proposed statement made representations that his substitute counsel did not follow defendant's trial strategy. The trial court did not adopt defendant's statement, proposed pursuant to App.R. 9(C).
At the hearing, the trial court credited the prosecution's testimony that defendant was stopped by the police because of his erratic driving and traffic infractions. The trial court found the officer's observations following the stop provided sufficient grounds to arrest defendant. The court specifically found that there was no evidence the breath test was improperly administered to defendant. Because there is no other record of the suppression hearing, we have no basis to dispute the trial court's findings or denial of defendant's motion to suppress.
To show ineffective assistance of counsel, defendant must show that counsel provided deficient performance and that prejudice resulted. State v. Bradley (1989), 42 Ohio St.3d 136, syllabus paragraphs two and three. In the case at bar, nothing in the record supports either element. In fact, we have no transcript from which to assess counsel's performance at the suppression hearing or upon which to determine any claim of prejudice.
Defendant asserts that counsel refused to argue that the police lied about what they observed and falsified the breathalyzer readings. This claim appears to be a difference in trial strategy between defendant and counsel, which difference does not establish deficient performance by counsel, because there is no basis in the record for the claims. Defendant made such claims of police misconduct at trial, moreover, and the jury rejected them. Under the circumstances, defendant has not shown that the trial court would have reached a different result if counsel had raised these contentions at the suppression hearing.
Accordingly, defendant's fifth assignment of error is overruled.
Defendant's sixth assignment follows:
 THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN ITS LIMITATION OF APPELLANT'S DISCOVERY REQUESTS.
This assignment lacks merit.
Defendant contends that the trial court improperly restricted his discovery. Defendant contends the prosecution did not produce requested materials and what was provided arrived shortly before trial.
Defendant filed at least seven requests for discovery in the case at bar. Months before trial, the court conducted a hearing on discovery matters and concluded, as it says in its App.R. 9(C) statement, that the prosecution responded fully and completely.
After the discovery hearing, defendant filed two more discovery requests. The requests, however, duplicated his prior requests. The record contains nothing, therefore, to show that any discovery was improperly withheld.
Accordingly, defendant's sixth assignment of error is overruled.
Defendant's seventh assignment follows:
 THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN LIMITING THE INTRODUCTION OF RELEVANT EVIDENCE TO THE JURY.
This assignment lacks merit.
Defendant argues generally that the court excluded evidence, but does not point out any specific instance in the record. Nor does our review of the record reveal any instance in which the trial court erred or abused its discretion concerning the admissibility of evidence.
Defendant apparently sought to make statements during trial about his experience, during prior arrests, of taking breathalyzer tests, and to play an audiotape of his booking. He did not proffer the information he desired to present. The trial court's Judgment Entry and App.R. 9(C) Statement of Evidence state the materials were excluded because: (1) defendant sought to introduce improper expert opinion testimony, and (2) the booking tape was not shown to be relevant. We have no basis in the record to dispute these findings or conclude the trial court abused its discretion concerning the admissibility of this evidence.
Accordingly, defendant's seventh assignment of error is overruled.
Defendant's eighth assignment of error follows:
 THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN ITS DENIAL OF A FULL TRIAL BY A JURY OF HIS PEERS.
This assignment lacks merit.
Defendant makes three arguments under this assignment. He complains that the trial court did not permit him to speak about a prior trial in which he questioned an expert about breathalyzers. He also asserts that the ordinance under which he was charged was void for vagueness. Finally, he contends that the trial court improperly excluded relevant evidence about his prior experience with breathalyzers, that he should have been permitted on rebuttal to assert that the device was tampered with, and that he was denied an opportunity to respond to new lies, statements that a police officer had not previously made at the prior suppression hearing.
Contrary to his argument, defendant was afforded a full trial by jury and none of these arguments has any merit. We rejected defendant's argument that his own personal, unqualified, expert opinion testimony concerning the breathalyzer was improperly excluded in his seventh assignment of error. We hold that a charge that defendant operated his motor vehicle with a breath alcohol concentration exceeding .10 grams by weight of alcohol per two hundred ten liters of breath is not void for vagueness.
Finally, the trial court properly held that defendant's claims about police misconduct should have been raised in his pretrial motion to suppress. One claim involved signatures on a police report; the second alleged tampering with the breathalyzer device. Each alleged instance of police misconduct occurred on the date of his arrest and defendant was required to raise these claims in a timely pretrial motion under Crim.R. 12(B)(3) along with his myriad other claims. His failure to do so waived such claims.
Accordingly, defendant's eighth assignment of error is overruled.
Defendant's final assignment of error follows:
 THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN ITS DETERMINATION OF THE PROPER BURDEN OF PROOF.
This assignment lacks merit.
Defendant argues the trial court did not properly assign the burden of proof. The record does not support this argument because defendant has not produced the jury instructions in the case at bar. Baker v. Cuyahoga Cty. Court of Common Pleas (1989), 61 Ohio App.3d 59.
Accordingly, defendant's ninth assignment is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., and ANNE L. KILBANE, J., CONCUR.
 ______________________ DIANE KARPINSKI JUDGE
[1] A third attorney had posted bail for him, but did not enter an appearance on his behalf.
[2] Defendant also raises arguments about various acts of police corruption that allegedly occurred or were discovered after his conviction. Under even our indulgent consideration and review of the record, we cannot consider these matters which have no evidentiary support in the record.